IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBRA CHARNEY,** | |
| *Plaintiff,* | Civil Action |
| vs. | No. |
| **TIFERETH ISRAEL CONGREGATION, BOARD OF DIRECTORS OF TIFERETH ISRAEL CONGREGATION, TIFERETH ISRAEL SYNAGOGUE, CHEVRAH TIFERETH ISRAEL, ABC CORPORATION, XYZ LLC, JOHN DOES NOS. 1 THROUGH 5** and **JANE DOES NOS. 1 THROUGH 5,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| *Defendants* | |

## COMPLAINT

Plaintiff, Debra Charney, by her undersigned attorney, Mark S. Guralnick, Esq., hereby files this civil action against the defendants captioned above, and states the following:

I.  **JURISDICTION AND VENUE**

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. Plaintiff, Debra Charney, is a citizen of the State of Maryland and at certain relevant times hereto was a citizen of the Commonwealth of Pennsylvania. All Defendants are citizens of the District of Columbia, with their principal place of business at 7701 16th Street N.W., Washington, D.C. 20012. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue properly lies within this judicial district, in accordance with 28 U.S.C. 1391(a), insofar as the events or omissions giving rise to the claims herein occurred in this District, and Defendants are all citizens and residents of this District and can be served in this District.

**II.     THE PARTIES**

3. Plaintiff, Debra Charney, is an adult individual residing at 14020C Maugansville Road, Maugansville, Maryland, and at all times material hereto was a resident of either the State of Maryland or the Commonwealth of Pennsylvania.

4. Defendant, Tifereth Israel Congregation is a synagogue situated at 7701 16th Street N.W., Washington, D.C. 20012 and is the business entity that owns, operates, manages and controls the said synagogue at the said location.

5. Defendant Board of Directors of Tifereth Israel Congregation is the duly constituted managing board of the synagogue known as Tifereth Israel, and is the governing board of the business entity and synagogue enterprise known as Tifereth Israel Congregation based at 7701 16th Street, N.W., Washington, D.C. 20012.

6. Defendant Tifereth Israel Synagogue is the conservative synagogue business enterprise which owns, operates, manages and controls a synagogue building at 7701 16th Street N.W., Washington, D.C. 20012.

7. Defendant Chevrah Tifereth Israel is, on information and belief, a domestic non-profit corporation, registered with the Corporation Division of the District of Columbia Department of Consumer and Regulatory Affairs on June 22, 1917, which owns, operates, manages and controls the business known as Tifereth Israel Congregation and/or the entity and physical premises of the Tifereth Israel Synagogue located at 7701 16th Street N.W., Washington, D.C. 20012.

8. Defendants ABC Corporation, XYZ, LLC, John Does Nos. 1 through 5 and Jane Does Nos. 1 through 5 are fictitious names for the as-yet-unidentified business entities, including corporations, limited liability companies, limited partnerships, limited liability partnerships,

general partnerships, cooperative associations, statutory trusts, and other forms of business entities, as well as the individual persons, both male and female, who are liable, or partly liable to the plaintiff for the injuries sustained by the plaintiff as more fully described below.  Plaintiff is presently unable to identify these fictitiously named parties, and therefore reserves the right to amend this complaint to substitute the actual identities of these businesses and individual defendants upon discovery thereof, with all such amendments relating back to the original date of filing of this civil action.

III.     **CAUSE OF ACTION**

*__THE FACTS__*

9.  Plaintiff incorporates herein by reference all of the preliminary allegations set forth in Paragraphs 1 through 8 above as if they were reiterated hereunder at length.

10.  Defendants Tifereth Israel Congregation, Board of Directors of Tifereth Israel Congregation, Tifereth Israel Synagogue, Chevrah Tifereth Israel, ABC Corporation, XYZ LLC, John Does 1 through 5 and Jane Does 1 through 5 own, operate, manage, supervise and control the real property, and the physical premises and improvements known as Tifereth Israel Synagogue at 7701 16th Street, N.W., Washington, D.C. 20012, and they each did so on September 7, 2011 when the instant cause of action arose.

11.  On September 7, 2011, Plaintiff, a professional photographer, entered into the premises of the Tifereth Israel Synagogue at 7701 16th Street, N.W., Washington, D.C., for the purpose of taking pictures of various synagogue congregants, officials, or other parties associated with the Defendants.

12. On the said date, Plaintiff had been invited to Tifereth Israel Synagogue, and was a guest of the synagogue, and was specifically requested to appear on the premises of the synagogue, on the said date, and at the designated time and in the specific location when and where she entered upon the premises.

13. The Plaintiff entered the synagogue's main lobby, walking upon tile floors. As she approached a stairwell, plaintiff was caused to slip, trip and fall on the slippery surface of the tile flooring, causing her to plummet down a flight of stairs, where she violently and traumatically plunged until she came to a stop at the bottom of a flight of steps.

14. The slip, trip and fall were caused solely by an unreasonable amount of water, liquid or moisture on the floor from the external weather conditions on September 7, 2011 which the defendants had permitted to gather and aggregate on the floor surface, and/or were the result of other circumstances or events that allowed or permitted a liquid substances to gather on the said flooring on the said date.

15. The slip, trip and fall was further caused by the extremely slippery nature of the tile floors, which were made even more slippery by the water and moisture which Defendants permitted to gather and remain on the floor surface.

16. There was no warning regarding the existence of water on the floor, on the tile surface, or in the synagogue at all. There was no warning given to the Plaintiff, in particular, about the flooring in general, or about any adverse walking or weather conditions, or about any hazards on the interior floor surfaces of the synagogue.

17. At all times material hereto, Defendants provided no slip-resistant surface, no skid-proof devices, no floor mats, no railings, no warning signs, devices, ropes or blockades, and Defendants otherwise failed to remove or to remediate the dangerous condition before Plaintiff encountered it.

18. At all such relevant times, Defendants had actual notice of the condition and/or constructive notice of the condition in time to have taken precautions against it, but they failed to do so.

19. As a direct result of the slip, trip and fall alleged herein, Plaintiff was caused to suffer and sustain severe, painful and permanent injuries about her body, and mental anguish, and as a result thereof, she was caused to be treated and cared for by physicians and other medical

providers extensively, incurring a great medical expense, and she will be caused to be treated and to incur future medical expenses indeterminately, and Plaintiff was and will be otherwise hurt, injured, hindered and handicapped in her normal pursuits, endeavors, occupations and routines.

20.   Moreover, as a direct and proximate result of the slip, trip and fall alleged herein, plaintiff suffered a permanent impairment in her vocation, in her earning capacity, and in her ability to earn a living specifically in her chosen career as a photographer.  Plaintiff also suffered and has sustained other economic and non-economic damages.

### *COUNT ONE*

21.   Plaintiff re-alleges and incorporates herein by reference all of the facts and preliminary allegations set forth above in Paragraphs 1 through 20 as if they were reiterated hereunder at length.

22.   Plaintiff was an invitee and/or business invitee at defendants' Tifereth Israel Synagogue when she fell at the said synagogue facility.  In the alternative, plaintiff was a licensee on the premises.

23.   As the owner, lessee, and/or exclusive possessor of the Tifereth Israel Synagogue facility, and as the managing authority charged with the responsibility for maintaining, controlling and supervising the condition of the said premises, each of the defendants had a duty to use reasonable and ordinary care to maintain the Tifereth Israel Synagogue in a safe condition and/or to warn the plaintiff of all known unreasonable risks or dangers of which it should have known, and to protect the plaintiff against injury caused by unreasonable risk which the plaintiff, by exercising ordinary care, could not discover.

24.   Defendants breached their duty of care which they owed to the plaintiff by negligently failing to warn and/or advise the plaintiff of the dangerous condition of the area, including the dangerously slippery tile flooring, the presence of water, moisture or other substances on the floor, and the hazardous and dangerous condition of the tile floor upon getting wet, of which defendants knew or should have been aware, negligently failing to otherwise

maintain the premises in a safe condition, and failing to protect the plaintiff against injury caused by an unreasonable risk. Plaintiff Debra Charney could not, by exercising any degree of ordinary care, discover the unsafe condition at the Tifereth Israel Synagogue.

25. The aggregation of water on the surface of the walking area inside Tifereth Israel Synagogue created an unreasonably unsafe condition, which was permitted to exist for an extensive period of time, without correction, cleanup or remediation, and which defendants permitted to exist despite their knowledge that the synagogue was being entered upon by persons who would encounter the dangerous conditions, despite their knowledge that the condition was likely to occur, exist and persist and foreseeably created a danger to those persons entering upon the synagogue premises, and despite their ability to take precautions against the condition and/or to remove the condition and/or to warn about the condition.

26. The negligence of the Defendants in failing to warn, and in failing to remove or remediate the dangerous condition, actually, directly and proximately caused the plaintiff to suffer serious present and future injuries about her body, and to suffer great present and future mental anguish, as well as tremendous financial and economic losses arising from the interference with her occupational and vocational pursuits, together with other economic and non-economic damages.

27. All such injuries suffered by the plaintiff were caused solely by the negligence of the Defendants, without any negligence or want on the part of Plaintiff contributing thereto.

**WHEREFORE**, plaintiff Debra Charney demands judgment against the defendants, Tifereth Israel Congregation, Board of Directors of Tifereth Israel Congregation, Tifereth Israel Synagogue, Chevrah Tifereth Israel, ABC Corporation, XYZ LLC, John Does 1 through 5 and Jane Does 1 through 5, individually, jointly and severally, in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), and such other further relief as the Court may require or deem just and appropriate in the circumstances.

### *DEMAND FOR JURY TRIAL*

Plaintiff, Debra Charney, by her undersigned counsel, demands a jury trial on all issues of fact in this case.

        **MARK S. GURALNICK**
        *A Professional Corporation*
        31 Treebark Terrace
        Voorhees, NJ 08043
        (856) 983-9900
        Fax: 1-800-613-2585
        Email: msg@guralnicklegal.com

By: /s/ *Mark S. Guralnick*
     **Mark S. Guralnick, Esq.**
     Attorney for the Plaintiff

DATED: September 6, 2013